**LAW OFFICE OF JERRY L. STEERING**
Jerry L. Steering, Esq. (SBN 122509)
4063 Birch Street
Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
Email: jerrysteering@yahoo.com

**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, ESQ. (SBN. 277669)
4425 Jamboree Road
Suite 130
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorneys for Plaintiff Carlos Rubio

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS RUBIO,<br><br>     Plaintiff,<br><br>     vs.<br><br>CITY OF BUENA PARK; DANIEL SOLIS; JENNIFER TRAN; and DOES 1 through 10, inclusive,<br><br>     Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. Violation Of Fourth Amendment - Unlawful Seizure Of Person;<br>2. Municipal Liability (42 U.S.C. § 1983) Failure to Train and/or Discipline;<br>3. Municipal Liability (42 U.S.C. § 1983) Custom/Practice/Policy;<br>4. False Arrest (California Law);<br>5. Violation of Cal. Civil Code § 52.1;<br>6. Negligence (California Law).<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES
1

**COMES NOW** Plaintiff Carlos Rubio and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the County of Orange, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3. As Plaintiff's claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the Plaintiff's federal question claims, this court has jurisdiction over the Plaintiff's California State law claims under its supplemental jurisdiction under 28 U.S.C. § 1367, and otherwise pursuant to *Mine Workers v. Gibbs*.

## GENERAL ALLEGATIONS

4. Plaintiff Carlos Rubio, hereinafter referred to as "RUBIO" or "Plaintiff RUBIO", is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California.

5. Defendant City Buena Park, hereinafter also referred to as "CITY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

6. Defendant Daniel Solis, hereinafter also referred to as "SOLIS", is, and at all times complained of herein, was, a peace officer employed by the Buena Park Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with Defendant CITY.

7. Defendant Jennifer Tran, hereinafter also referred to as "TRAN", is, and at all times complained of herein, was, a peace officer employed by the Buena Park Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant CITY.

8. Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant CITY and/or otherwise employed by the Buena Park Police Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

9. At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their

COMPLAINT FOR DAMAGES

3

authority as sworn peace officers and/or police officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Buena Park Police Department, and were acting in the course of and within the scope of their employment with defendant CITY.

10. Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by Buena Park Police Department and/or defendant City of Buena Park, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Buena Park Police Department for, *inter alia*,: 1) for unlawfully seizing persons; 2) fabricating evidence; and 3) covering up tortious conduct by Buena Park Police Department peace officers.

11. At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chief and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Buena Park Police Department, and/or some other public official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY.

12. At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Buena Park Police Department and/or some other public entity and/or otherwise with defendant CITY[1].

13. Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when made known to plaintiff.

---

[1] Such as a CITY executive officer.

14. In addition to the above and foregoing, Defendants SOLIS, TRAN, and DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

15. Defendants SOLIS, TRAN and DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

16. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

### FIRST CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**Violation of Fourth Amendment Rights –
Unlawful / Unreasonable Seizure of Person
(Against Defendants SOLIS, TRAN and DOES 1 through 6, inclusive)**

17. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 16, inclusive, above, as if set forth in full herein.

18. On October 9, 2020, RUBIO was leaving a tire store on Stanton Avenue, in Buena Park, California. As RUBIO was exiting the driveway area of

COMPLAINT FOR DAMAGES
6

the tire store and on to Stanton Avenue, TRAN and DOES 1 and 2 were on foot and approached RUBIO's car.

19. TRAN and DOES 1 and 2 was apparently working undercover in a prostitution sting.

20. TRAN and DOES 1 and 2 got RUBIO's attention and asked RUBIO if he wanted to engage in certain sexual acts for $100.

21. RUBIO said, "No."

22. TRAN and DOES 1 and 2 continued to lower her/their price and RUBIO continued to say, "No."

23. Eventually, TRAN and DOES 1 and 2 got down to $30. RUBIO responded by stating something to the effect, "If your that desperate for cash, I'll give you $10 to dance right there."

24. TRAN and DOES 1 and 2 said, "okay" and instructed RUBIO to pull into the next driveway. RUBIO pulled his car into the next driveway where he was stopped by SOLIS and DOES 1 through 6, inclusive.

25. TRAN, SOLIS, and DOES 1 through 6, inclusive, then arrested RUBIO and began questioning him about the incident.

26. RUBIO insisted that he never agreed to engage in any acts whatsoever with TRAN and/or any of the DOE defendants, and merely offered her $10 to do a little dance on the spot.

27. Notwithstanding the fact that RUBIO never agreed to engage in any sexual activity with TRAN or any of the DOE defendants, Defendants SOLIS, TRAN and DOES 1 through 6, inclusive, arrested RUBIO for loitering to commit prostitution.

28. SOLIS, TRAN and DOES 1 through 6, inclusive, then caused RUBIO's car to be towed.

29. RUBIO was taken to the Buena Park Police Department where he was booked and ultimately released.

30. The Orange County District Attorney's Office declined to prosecute RUBIO.

31. As complained of herein above, none of the defendants to this action had a warrant for RUBIO's arrest, nor probable cause to believe that RUBIO had committed a crime, nor reasonable suspicion that RUBIO was a danger to anyone or anything, nor even a reasonable suspicion of criminality afoot by RUBIO.

32. Accordingly, the seizure of RUBIO by Defendants SOLIS, TRAN and DOES 1 through 6, inclusive, by use of force, constituted an unlawful and unreasonable seizure of RUBIO, in violation of his rights under the Fourth Amendment to the United States Constitution.

33. As a direct and proximate result of the actions of Defendants SOLIS, TRAN and DOES 1 through 6, inclusive, as complained of herein, RUBIO: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and

psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $2,000,000.00.

34. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of RUBIO's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant CITY, in an amount to be proven at trial which is in excess of $1,000,000.00.

## SECOND CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
**FEDERAL CLAIM FOR FAILURE TO PROPERTY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE**
**(Against Defendants CITY)**

35. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 34, inclusive, above, as if set forth in full herein.

36. As complained of herein above, the acts of defendants TRAN, SOLIS and DOES 1 through 6, inclusive, deprived Plaintiff of his rights under the laws of the United States and The United States Constitution.

37. The training policies of CITY were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted Plaintiff, including knowing what conduct rises to the level of a violation of Penal Code § 653.22(a).

38. CITY was deliberately indifferent to the obvious consequences of its failure to train its peace officer employees adequately.

39. The failure of CITY to provide adequate training caused the deprivation of Plaintiff's rights by Defendants TRAN, SOLIS and DOES 1 through 6, inclusive.

40. CITY's failure to train is closely related to the deprivation of Plaintiff's rights as to be the moving force that ultimately caused Plaintiff's injuries.

41. As a direct and proximate result of the actions of defendants TRAN, SOLIS and DOES 1 through 6, inclusive, and each of them, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages, including attorney's fees, investigator fees and associated litigation costs and expenses; all in an amount to be proven at trial in excess of $2,000,000.00.

### THIRD CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
### Claim Against Local Governing Body Defendants Based On Official Policy, Practice, Or Custom
### (Against Defendant CITY)

42. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 41 inclusive, above, as if set forth in full herein.

43. As shown above, the actions of Defendants SOLIS, TRAN and DOES

1 through 6, inclusive, deprived the plaintiff of his particular rights under the United States Constitution, as described above.

44. At all times complained of herein, Defendants TRAN, SOLIS, and DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages and practices of the Buena Park Police Department / defendant CITY: 1) for unlawfully arresting persons; and 2) for covering-up unlawful and tortious conduct by Buena Park Police Department personnel and were a proximate cause of the very same federal constitutional violations complained of by the plaintiff in this action.

45. Said actions of said defendants were done by them under the color of state law.

46. As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendants CITY, above-described, said defendants committed said actions complained of above.

47. As a direct and proximate result of the actions of defendants CITY, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured, and great physical, mental and emotional pain, suffering and distress; 2) incurred medical and psychological costs, bills and expenses, 3) incurred expenses to repair damaged property; 4) incurred lost profits and wages, and 5) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $2,000,000.00.

# FOURTH CAUSE OF ACTION
### False Arrest / False Imprisonment
### Under California State Law
### (Against All Defendants)

48. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 47, inclusive, above, as if set forth in full herein.

49. Defendants SOLIS, TRAN and DOES 1 through 6, inclusive, did not have probable cause to believe that RUBIO had committed a crime.

50. Defendants SOLIS, TAN and DOES 1 through 6, inclusive, restrained, brutalized and deprived RUBIO of his liberty.

51. Defendants SOLIS, TRAN and DOES 1 through 6, inclusive, intentionally deprived RUBIO of his freedom of movement by use of physical force and violence.

52. RUBIO did not consent to said deprivation of his freedom of movement by Defendants SOLIS, TRAN and DOES 1 through 6, inclusive, or to the use of force and violence upon him.

53. RUBIO suffered harm because of said deprivation of his freedom of movement by Defendants SOLIS, TRAN and DOES 1 through 6, inclusive.

54. The actions committed by Defendants SOLIS, TRAN and DOES 1 through 6, inclusive, as complained of herein, constituted a false arrest / false imprisonment of RUBIO under California state law.

55. Defendants SOLIS, TRAN and DOES 1 through 6, inclusive, are liable to RUBIO for said false arrest / false imprisonment, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.2, 820.8, and otherwise pursuant to the common-law.

56. The actions committed by Defendants SOLIS, TRAN and DOES 1 through 6, inclusive, as complained of herein, proximately caused RUBIO to suffer substantial physical injuries, severe mental and emotional distress and suffering, medical / psychological bills, costs and expenses, and other costs and expenses, in an amount to be proven at trial which is in excess of $2,000,000.00.

57. The actions of Defendants SOLIS, TRAN and DOES 1 through 6, inclusive, were committed maliciously, oppressively and constituted despicable conduct, sufficient for an award of punitive / exemplary damages, save CITY, in an amount to be proven at trial which is in excess of $1,000,000.00.

**FIFTH CAUSE OF ACTION**
**Violation of Cal. Civil Code § 52.1**
**Under California State Law**
**(Against All Defendants)**

58. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 57, inclusive, above, as if set forth in full herein.

59. The actions of defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, as complained of herein, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the

exercise or enjoyment by plaintiff of the rights secured to her by the Constitution and laws of the United States, and of the rights secured to her by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

60. Defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, are liable to plaintiff for said violations of his constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

61. As a direct and proximate result of the actions of defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured, and endured great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial, in excess of $2,000,000.00.

62. The actions of defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of Plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, in an amount to be proven at trial, in excess of $1,000,000.00.

63. In addition, as a result of the actions of defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, plaintiff is entitled to an award of treble compensatory damages and attorney fees against all defendants, and each of them.

## SIXTH CAUSE OF ACTION
### Negligence
### Under California State Law
### (Against all Defendants)

64. Plaintiff hereby realleges and incorporate by reference the allegations set forth in paragraphs 1 through 63, inclusive, above, as if set forth in full herein.

65. The actions committed by Defendants SOLIS, TRAN and DOES 1 through 6, inclusive, as complained of herein and as described above, also constituted a breach of defendants' duty to use due care toward Plaintiff.

66. As a direct and proximate result of the actions committed by Defendants SOLIS, TRAN and DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $2,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $2,000,000.00;

b) For a judgment against all defendants, save defendant CITY, for punitive damages in an amount in excess of $1,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

_____/S/_____
GREGORY PEACOCK